**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4123**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH EUGENE BASS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge. (1:08-cr-00496-RDB-1)

Submitted:  September 10, 2012      Decided:  September 20, 2012

Before AGEE, KEENAN, and WYNN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Arthur S. Cheslock, Baltimore, Maryland, for Appellant.  Harry Mason Gruber, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Eugene Bass, Jr., appeals his convictions and the 195-month sentence imposed by the district court following his unconditional guilty plea, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and fifty grams or more of cocaine base, in violation 21 U.S.C. § 846 (2006), and possession of a firearm in furtherance of drug trafficking offenses, in violation of 18 U.S.C. § 924(c) (2006). On appeal, Bass' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the adequacy of the guilty plea colloquy, whether the district court's sentence was proper, and whether Bass' trial counsel was ineffective. Bass filed a pro se supplemental brief challenging his arrest and the vehicle search, the adequacy of the plea colloquy, and the calculation of his Sentencing Guidelines range, and arguing that he received ineffective assistance of counsel. The Government has filed a motion to dismiss Bass' appeal of his sentence based on the appellate waiver provision in the plea agreement. We grant the Government's motion and dismiss Bass' appeal of his sentence, and we affirm Bass' convictions.

We review a defendant's waiver of appellate rights de novo. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." *United States v. Amaya-Portillo*, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted); see *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (providing standard). Generally, if the district court fully questions the defendant about the waiver during the Federal Rule of Criminal Procedure 11 plea colloquy, the waiver is valid and enforceable. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." *Blick*, 408 F.3d at 168.

Our review of the record leads us to conclude that Bass' waiver of appellate rights was knowing and intelligent. Turning to the scope of the waiver, we conclude that the sentencing issues Bass raises in the *Anders* brief and the pro se supplemental brief fall within the scope of the appellate waiver provision. Bass was sentenced to 195 months' imprisonment, a sentence within the sentencing range contemplated in the plea agreement. Thus, we grant the Government's motion to dismiss

3

Bass' appeal of his sentence and dismiss this portion of the appeal.

The waiver provision does not, however, preclude our review of Bass' convictions pursuant to Anders. We have reviewed the plea colloquy for plain error and have found none. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (providing standard); see also United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard). Further, Bass waived the majority of his remaining pro se claims by entering an unconditional and voluntary guilty plea. See Haring v. Prosise, 462 U.S. 306, 320 (1983) ("[A] guilty plea results in the defendant's loss of any meaningful opportunity he might otherwise have had to challenge the admissibility of evidence obtained in violation of the Fourth Amendment."); Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process."); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges.") (internal citation and quotation marks omitted).

The waiver provision also does not preclude our review of Bass' ineffective assistance of counsel claims. Nonetheless,

4

we decline to consider those claims on direct appeal because the record does not conclusively demonstrate that counsel was ineffective. United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998) (providing standard); see Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (providing elements of ineffective assistance claim).

In accordance with Anders, we have reviewed the entire record and have found no unwaived and potentially meritorious issues for review. We therefore affirm Bass' convictions. This court requires that counsel inform Bass, in writing, of his right to petition the Supreme Court of the United States for further review. If Bass requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bass. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART